**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of<br><br>OASIS FOCUS FUND LP,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 22- |

## ***EX PARTE*** **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

1. Oasis Focus Fund LP ("**Petitioner**") respectfully requests an order in the form attached hereto permitting Petitioner to obtain limited discovery under 28 U.S.C. § 1782 ("**Section 1782**") in connection with an appraisal proceeding pending before the Grand Court of the Cayman Islands (the "**Appraisal Proceeding**"), to which Petitioner is a party. In support of its application, Petitioner submits a Memorandum of Law and the Declarations of Duane L. Loft (the "**Loft Declaration**"), Samuel Dawson, and Tyler Burtis. Petitioner further states as follows:

2. Petitioner seeks the assistance of this Court to obtain discovery from York Capital Management ("**York Capital**"), Roberta Lipson, in her capacity as trustee for Benjamin Lipson Plafker Trust, Daniel Lipson Plafker Trust, Johnathan Lipson Plafker Trust, Ariel Benjamin Lee Trust, and Lipson 2021 GRAT (together with the other trusts, the "**Lipson Plafker Trusts**"), Warburg Pincus LLC ("**Warburg Pincus**"), and Michael Garrow (collectively, "**Respondents**").

3. Petitioner's tailored requests are set forth in the subpoenas attached as **Exhibits 1 through 4** to the Loft Declaration (the "**Subpoena**") and relate to the fair value of the shares of New Frontier Health Corporation ("**NFH,**" or the "**Company**") that are subject to appraisal in the foreign Appraisal Proceeding, including the process leading to the squeeze-out of the Company's

minority shareholders. As set forth in the accompanying declarations, the Grand Court of the Cayman Islands will be receptive to the evidence sought here and assistance from this Court.

4. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation. In particular, § 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

5. The statutory requirements of § 1782 are satisfied here. As explained in the accompanying submissions: (1) the Respondents are "found" in this District because York and Warburg Pincus maintain headquarters within this District, and Ms. Lipson and Mr. Garrow are resident in the District; (2) the discovery sought is to be used in the Appraisal Proceeding; and (3) Petitioner is an "interested person" in the Appraisal Proceeding.

6. This *ex parte* application also meets the discretionary factors of Section 1782, as explained further in the accompanying submissions: (1) Respondents are not party to the foreign proceedings; (2) the Grand Court of the Cayman Islands will be receptive to judicial assistance from a U.S. court; (3) Petitioner is not attempting to circumvent foreign proof-gathering restrictions; and (4) the discovery sought is not intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

7. Petitioner therefore respectfully requests that this Court expeditiously grant its application for an Order granting Petitioner leave to serve the Respondents with the Subpoena.

WHEREFORE, Petitioner respectfully requests that this Court enter an Order:

1. Granting the application for discovery under 28 U.S.C. § 1782;

2. Authorizing Petitioner to take discovery from Respondents, by issuing the Subpoena; and

3. Directing Respondents to comply with the Subpoena issued in this case in accordance with the Federal Rules of Civil Procedure and the Rules of this Court.

Dated: August 1, 2022
New York, New York

By: _/s/ Duane L. Loft_

Duane L. Loft*
Melissa J. Kelley*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2380
dloft@bsfllp.com
mjkelley@bsfllp.com